UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

      Plaintiff,

     V.                                                No. **CR 07-748 MCA**

**BENJAMIN RAYMOND**,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant Benjamin Raymond's *Motion to Appeal Detention Order* [Doc. 107] filed on September 10, 2007. In accordance with the dates of availability provided by Defendant's counsel [Doc. 119], the Court held a hearing on this appeal in Albuquerque, New Mexico, on October 23, 2007. [Doc. 153.] Having conducted a *de novo* review of the detention proceedings conducted by United States Magistrate Judge, which included consideration of the record of those prior proceedings, the *Superseding Indictment* [Doc. 36], the reports and recommendations of the Pretrial Services Officer, the additional evidence, proffers, and arguments of counsel before this Court, and all available information regarding the factors enumerated in 18 U.S.C. §§ 3142(g), the Court affirms the Magistrate Judge's *Detention Order* [Doc. 105] and overrules Defendant's objections thereto for the reasons set forth below.

**I.**      **BACKGROUND**

On June 27, 2007, the Court unsealed a *Superseding Indictment* [Doc. 36, 44]

charging Defendant Raymond and three other Defendants with several violent crimes in aid of racketeering activity under 18 U.S.C. § 1959.  The *Superseding Indictment* includes special findings under 18 U.S.C. §§ 3591 and 3592 which could make Defendant Raymond eligible for a sentence of death if he is convicted.

In accordance with Fed. R. Crim. P. 9 and the standard procedure in this District, the Court issued an arrest warrant on the *Superseding Indictment*, which was executed by the United States Marshal on August 17, 2007.  [Doc. 88.]  On that date, Defendant Raymond's appointed counsel, David A. Lane, moved to continue the initial appearance/arraignment.  [Doc. 82.]  As requested in that motion, the initial appearance/arraignment was rescheduled to August 27, 2007.  [Doc. 86.]

The judge presiding over an initial appearance by a defendant charged with a felony "must detain or release the defendant as provided by statute or these rules."  Fed. R. Crim. P. 5(d)(3).  The Government made its position known on this issue by filing a *Motion for Detention* [Doc. 94] on August 27, 2007, which was the scheduled date of the initial appearance/arraignment.  When first questioned as to the matter of detention or release at the initial appearance/arraignment on that date, Defendant's counsel acknowledged that his client "is not eligible for release, given the practical reality that he is, in fact, doing a sentence."  [Tr. 8-27-07, at 17.]  Nevertheless, Defendant's counsel invoked his client's right to a detention hearing under 18 U.S.C. § 3142(f).  In accordance with that statutory provision, the Magistrate Judge ordered Defendant Raymond's temporary detention [Doc. 96] and scheduled a detention hearing three days later on August 30, 2007.  [Tr. 8-30-07, at 19.]

At the detention hearing on August 30, 2007, the Magistrate Judge granted the

Government's *Motion for Detention*, and Mr. Lane stated Defendant Raymond's objections to that ruling. [Tr. 8-30-07, at 7-12.] Defendant Raymond subsequently appealed the Magistrate Judge's *Detention Order* [Doc. 105] on September 10, 2007. [Doc. 107.] A response from the Government and a reply brief followed. [Doc. 123, 130.]

I convened a hearing on Defendant Raymond's appeal of the Magistrate Judge's *Detention Order* on October 23, 2007, a date on which his counsel, Mr. Lane, had previously indicated he would be available for such a hearing. [Doc. 119.] At 4:37 p.m. on October 22, 2007, Defendant Raymond moved to continue the hearing on his appeal on the grounds that his counsel had not yet succeeded in their efforts to serve two of the Government's case agents with subpoenas requiring their appearance at the hearing. [Doc. 149.] The Court denied this motion [Doc. 152], and the hearing proceeded as scheduled on October 23, 2007. Defendant's counsel acknowledged at the hearing that they lacked good cause for failing to effect service on the two case agents in a timely manner, and the case agents still had not been served as of that date. [Tr. 10-23-07.]

## II.     ANALYSIS

The standard of review that a District Judge applies when hearing an appeal from a Magistrate Judge's detention order under 18 U.S.C. § 3145(b) is set forth in United States v. Cisneros, 328 F.3d 610 (10th Cir. 2003). Such review is *de novo*, id. at 616 n.1, and the District Judge may hold "her own hearing to consider new evidence from the parties, as [is] her prerogative," id. at 617.

When I convened the hearing on Defendant Raymond's appeal, I invited the parties to present whatever information they had concerning the factors listed in 18 U.S.C. §

3

3142(g). The Government cited the *Superseding Indictment* and offered copies of Defendant Raymond's presentence report and addendum (marked as Ex. 3A and 3B) from a prior proceeding in which Defendant Raymond pleaded guilty to a charge of being a felon in possession of a firearm and was sentenced to 180 months imprisonment at the Federal Correctional Institute in Florence, Colorado ("FCI Florence"). See United States v. Raymond, No. CR 03-2066 MV (D.N.M. amended judgment entered Aug. 29, 2005). I also take judicial notice of the public record concerning those prior proceedings.

Consistent with his practice during the initial appearance/arraignment and detention hearing before the Magistrate Judge, Defendant Raymond elected not to speak at the hearing on his appeal. As noted above, his counsel also acknowledged their failure to serve subpoenas on the two case agents in a timely manner. Nevertheless, on the Court's invitation, Defendant's counsel made a proffer of the testimony he expected to elicit from these case agents. Defendant's counsel further explained that he expected to show from the proffered testimony that the Government's case against Defendant Raymond is very weak, and that such weakness in the Government's case was a factor relevant to his detention under 18 U.S.C. § 3142(g)(2).

In addition to hearing Mr. Lane's proffer, I queried counsel as to what relief he sought in this appeal. In response to my query, Defendant's counsel did not assert that his client should be released pursuant to 18 U.S.C. §§ 3142(b) or (c), and he specifically stated that he does not object to where Defendant Raymond is currently housed.

Nevertheless, Defendant's counsel asserted that, in light of his client's previous detention at FCI Florence, it was improper for the Government to move for detention when

Defendant Raymond made his initial appearance and was arraigned in this case on August 27, 2007. According to Defendant's counsel, the Government filed its motion for an improper purpose, namely to cause Defendant Raymond to be housed in a facility closer to Albuquerque that is more convenient for the Government. Given that the Government moved for detention, however, Defendant Raymond's counsel asserts that he has the right to subpoena and elicit testimony from the Government's case agents at the detention hearing.

While I recognize that a defendant appearing at a detention hearing ordinarily has the right "to present witnesses," 18 U.S.C. § 3142(f), in this instance I conclude that no legitimate purpose would be served by reconvening the hearing in order to allow Defendant Raymond's counsel another opportunity to subpoena and elicit testimony from the Government's case agents. Even if I accept the truth of the proffer that Defendant Raymond's counsel made in lieu of the case agents' testimony, the fact remains that counsel has stated no objection to where his client is currently housed, and he has conceded from the time of his initial appearance that Defendant Raymond "is not eligible for release, given the practical reality that he is, in fact, doing a sentence." [Tr. 8-27-07, at 17.]

Under these circumstances, presenting live testimony from the case agents would not have any bearing on any substantive relief that Defendant Raymond requests in this appeal. Rather, it would only serve as a "fishing expedition" for discovery purposes, which is not permitted in this context. "A pre-trial detention hearing . . . is neither a discovery device for the defense nor a trial on the merits. The process that is due is only that which is required by and proportionate to the purpose of the proceeding. That purpose includes neither a reprise of all the evidence presented before the grand jury, nor the right to confront non-

5

testifying government witnesses." United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996); accord United States v. Suppa, 799 F.2d 115, 119 (3rd Cir. 1986) (collecting cases); United States v. Hussain, 6 Fed. Appx. 50, 51 n.2 (1st Cir. 2001) (unpublished disposition collecting cases).

I further find that the record in this case does not provide grounds for overturning the Magistrate Judge's decision to grant the Government's *Motion for Detention* and issue the *Detention Order*. Once Defendant Raymond was indicted on felony charges in this case, the rules called for the issuance and execution of a warrant for his arrest so he could appear and be arraigned on the charges presented here. See Fed. R. Crim. P. 9. At the initial appearance/arraignment, the presiding judicial officer was required to make a decision to either "detain or release the defendant as provided by statute or these rules." Fed. R. Crim. P. 5(d)(3); accord 18 U.S.C. § 3142(a). This requirement that the presiding judicial officer make a decision whether to detain Defendant Raymond or hold a detention hearing does not necessarily depend on a motion from the Government, because such decisions may instead flow from the "the judicial officer's own motion." 18 U.S.C. § 3142(f)(2). Given his counsel's concession that he "is not eligible for release, given the practical reality that he is, in fact, doing a sentence," [Tr. 8-27-07, at 17], it would be incumbent on the Court to raise this issue on its own motion, even if the Government had failed to do so. Thus, the Government's filing of a motion for detention does not alter the posture of this case in any dispositive way.

More importantly, the statutory factors to be considered in determining whether Defendant Raymond should be detained or released are not directed at whether he *was* a

flight risk or danger to the community during the time *before* his arrest when he was serving his sentence at FCI Florence. The Court's task in applying the statute is not to determine whether a person in detention is a flight risk or a danger to the community. That task would be absurd and superfluous, because pretrial detention is the statutory *remedy* for flight risk or danger to the community, not a *precondition* on which the determination of flight risk or danger to the community is based.

The more natural reading of the statute calls for a determination of whether Defendant Raymond *is currently* a flight risk or danger to the community from the present moment forward, as he stands before the Court *at the time of the initial appearance/arraignment or detention hearing*. See 18 U.S.C. §§ 3142(f), (g). At that point, Defendant Raymond is no longer at FCI Florence because the *Superseding Indictment* has triggered the rules which require that he be brought before a judicial officer pursuant to an arrest warrant, and the Court's task is to determine whether Defendant Raymond would become a flight risk or a danger to the community *if* he were released pending trial.

Assuming that the answer is yes and that Defendant must remain in detention for that reason, the *location* of his detention is not a dispositive factor for the judicial officer to consider under the statutes and rules pertaining to his initial appearance/arraignment and detention hearing, except insofar as it affects his separation "from persons awaiting or serving sentences," his "reasonable opportunity for private consultation with counsel," or his "appearance in connection with a court proceeding." 18 U.S.C. § 3142(i); see Falcon v. U.S. Bur. of Prisons, 52 F.3d 137, 139 (7th Cir. 1995). At the hearing on October 23, 2007, the Court specifically queried Defendant's counsel about these issues, and counsel stated that

Defendant Raymond has no objections to where he is currently housed.

Accordingly, the provisions of 18 U.S.C. § 3142(i) were never invoked as grounds for overturning the Magistrate Judge's decision. To the extent that the provisions of 18 U.S.C. § 3142(i) were omitted from the Magistrate Judge's *Detention Order* [Doc. 105], I now include them in the contents of this *Memorandum Opinion and Order*.

### III.  CONCLUSION

For the foregoing reasons, the Magistrate Judge correctly ordered the pretrial detention of Defendant Benjamin Raymond because there is no condition or combination of conditions that would reasonably assure his appearance as required and the safety of other persons and the community in the event that he were released.

**IT IS, THEREFORE, ORDERED** that Defendant Benjamin Raymond's *Motion to Appeal Detention Order* [Doc. 107] is **DENIED** and the Magistrate Judge's *Detention Order* [Doc. 105] is **AFFIRMED**.

**IT IS FURTHER ORDERED** that:

1. Defendant Benjamin Raymond be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant Benjamin Raymond be afforded reasonable opportunity for private consultation with counsel; and

3. on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant Benjamin Raymond is confined deliver him to a United States Marshal for the purpose of an

appearance in connection with a court proceeding.

      **SO ORDERED** this 25th day of November, 2007, in Albuquerque, New Mexico.

                                              **M. CHRISTINA ARMIJO**
                                              UNITED STATES DISTRICT JUDGE