# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

   Plaintiff,

 v.           No. CR 07-748 MCA

**BRADLEY WASSON**, *et al.*,

   Defendants.

## <u>ORDER</u>

THIS MATTER comes before the Court on the following motions and other filings:

(1) *Bradley Wasson's Notice of Request for Production of Statements and/or Jencks Act Material* [Doc. 310] filed on August 22, 2008; (2) *Defendant Wasson's Motion for Discovery of All Recorded Telephone Conversations of Defendants While in Jail* [Doc. 312] filed on August 25, 2008; (3) *Defendant Wasson's Motion to Disclose Photo Books, Photographic Identifications and Supporting Memorandum* [Doc. 314] filed on August 25, 2008; (4) *Defendant Wasson's Motion for the Disclosure of Personnel Files and Supporting Authority* [Doc. 316] filed on August 25, 2008; (5) *Defendant Wasson's Motion and Supporting Memorandum for Disclosure of Wiretapping, Eavesdropping, Electronic Surveillance or Mail Surveillance* [Doc. 318] filed on August 25, 2008; (6) *Defendant Wasson's Motion and Memorandum for the Production of Marital Communications* [Doc. 319] filed on August 25, 2008; (7) *Defendant Wasson's Motion Under Giglio for Disclosure of Information Concerning Inducements, Incentives, Compensation or Other Assistance Provided to Government Witnesses, as well as All Information Necessary to Effectively Cross-Examine*

*Government Witnesses* [Doc. 320 ] filed on August 25, 2008; (8) *Defendant Wasson's Motion and Supporting Memorandum to Produce Favorable Evidence and Request for In Camera Review* [Doc. 322] filed on August 25, 2008; (9) *Travis Dally's Motion for Disclosure of Each Co-Conspirator Statement the Government Intends to Introduce at Trial and Request for a Pre-Trial Hearing on the Admissibility of Each Statement* [Doc. 328] filed on August 29, 2008; (10) *Travis Dally's Motion for Preservation and Disclosure of Recorded Phone Conversations and Mail, From All Potential Government Witnesses Who Are Currently in Custody, or Were In Custody at the Time the Recorded Conversation Occurred or Mail Was Intercepted* [Doc. 330] filed on August 29, 2008; (11) *Travis Dally's Motion for Disclosure of All Pre-Trial Discovery* [Doc. 332] filed on August 29, 2008; (12) *Mr. Looney's Motion for Discovery and Inspection Concerning Government's Use of Informants, Operatives and Cooperating Individuals and for Disclosure of Exculpatory Evidence Concerning Government's Use of Informants, Operatives and Cooperating Individuals and Notice of Joinder in Defendant Wasson's Giglio Motion* [Doc. 333] filed on August 29, 2008; (13) *Defendant Looney's Motion for Early Disclosure of Material Covered by the Jencks Act or Rule 26.2 of the Federal Rules of Criminal Procedure and Incorporated Memorandum* [Doc. 334] filed on August 29, 2008; (14) *Mr. Looney's Motion for Disclosure of Rule 16 Discovery, Exculpatory Information and Incorporated Memorandum* [Doc. 335] filed on August 29, 2008; (15) *Mr. Looney's Motion for Disclosure of Information Concerning "Jailhouse Informants" and Incorporated Memorandum* [Doc. 336] filed on August 29, 2008; and (16) *Jeremiah Looney's Motion for the Disclosure of Personnel Files and*

*Supporting Authority and Motion for Joinder in Defendant Wasson's Motion* [Doc. 337] filed on August 29, 2008.  Having considered the parties' submissions, the relevant law, and being fully advised in the premises, the Court finds that:

1.      In the above motions, the Defendants request that the Government disclose essentially every category of information that is discoverable at any time under any statute, rule, constitutional provision, or case law, including:

      a.      all information subject to disclosure under Fed. R. Crim. P. 16;

      b.      witness statements subject to disclosure under Fed. R. Crim. P. 26.2 and the Jencks Act, 18 U.S.C. § 3500;

      c.      co-conspirator statements subject to <u>United States v. James</u>, 590 F.2d 575 (5th Cir. 1979), and its progeny;

      d.      information concerning confidential sources subject to <u>Roviaro v. United States</u>, 353 U.S. 53 (1957), and its progeny;

      e.      exculpatory information subject to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny;

      f.      impeachment materials regarding government witnesses pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and its progeny; and

      g.      all information which would result in a violation of a Defendant's constitutional rights under the Fifth, Sixth, or Eighth Amendments if not timely disclosed.

2.      It is not the Court's duty to review all of the materials that might be responsive to the

extensive list of items requested in Defendants' discovery motions and determine, in the first instance, which of these items are required to be disclosed under Fed. R. Crim. P. 16(a) or Brady and its progeny.  That duty "rests with the prosecution."  United States v. McVeigh, 923 F. Supp. 1310, 1313 (D. Colo. 1996);

3.      The Government is aware of its discovery obligations with respect to the categories of information requested in the above motions and has already disclosed a substantial amount of relevant and responsive information in this matter;

4.      However, given the complexities of this case as identified in the Court's *Amended Order Setting Trial Date* [Doc. 166], it is unreasonable to expect counsel to adequately prepare for trial within the set of discovery deadlines that typically apply in ordinary, non-complex cases, and therefore it is in the interest of all parties, as well as in the interest of justice, to arrange earlier deadlines for completing such disclosures in order to avoid unfair prejudice and unnecessary trial delays or continuances;

5.      The Court has the inherent authority and supervisory power to order certain kinds of pretrial discovery that are not available as a matter of right, see, e.g., United States v. Napue, 834 F.2d 1311, 1317 (7th Cir. 1988), and to impose sanctions based on a party's violation of a discovery order even where Fed. R. Crim. P. 16 is inapplicable, see United States v. Gonzalez, 164 F.3d 1285, 1291 (10th Cir. 1999);

6.      In the alternative, the parties may voluntarily agree to workable deadlines for disclosing information to one another, and in this regard, the Court notes the parties' prior success in developing a joint proposal which resulted in the *Scheduling Order* [Doc. 167] and

trial setting [Doc. 166] in this case.

In light of these findings and the relevant law, the Court concludes that counsel for all parties should be afforded the opportunity to meet and confer again for the purpose of developing, in whole or in part, a set of deadlines and procedures for fulfilling their remaining discovery needs. Accordingly, the Court will direct counsel for all parties to meet and confer regarding the development of a mutually agreeable and workable set of deadlines by which each party must either complete its required disclosures with respect to each particular category of information requested in the pending motions addressed herein[1] or move for a protective order seeking to exempt or delay the disclosure of specific items for good cause. The result of such efforts shall be promptly reported to the Court in a joint status report that is electronically filed on CM/ECF, and any proposed orders resulting from the parties' efforts in this regard shall be submitted to the Court's proposed-text emailbox concurrently with the filing of the joint status report. In the event that the parties are unable to come to an agreement as to a specific category of information or a particular file or witness, they shall identify such disagreement(s) in their joint status report and may state the basis for such disagreement in a separate but concurrent filing.

The Court will then consider the results reported by the parties, including any areas on which there are disagreements, and issue discovery orders establishing firm deadlines by which all discoverable information must be disclosed. If necessary in response to a timely

---

[1]Apart from the pending motions addressed herein, the Court will issue a separate ruling on the motion relating to grand and petit jury data [Doc. 315] and the motions relating to expert witnesses and <u>Daubert</u> issues [Doc. 313, 331, 361].

motion, the Court also will issue protective orders defining any category of otherwise discoverable information that is exempt from disclosure or for which disclosure may be lawfully delayed or restricted.

In addition to such orders, the parties are advised that the Court may, at a later date, consider imposing sanctions for unnecessary delays or continuances occasioned by the untimely disclosure of discoverable information.  Such sanctions could include, but are not limited to, excluding evidence that was not timely disclosed, or holding the party responsible for such delays accountable for any violations of the Speedy Trial Act or a Defendant's Sixth Amendment right to a speedy trial.

**IT IS THEREFORE ORDERED** that counsel for all parties are directed to meet and confer with one another as soon as practicable for the purpose of developing, in whole or in part, a mutually agreeable and workable set of deadlines by which each party must either complete its required disclosures with respect to each particular category of information requested in the pending motions addressed herein or move for a protective order seeking to exempt or delay the disclosure of specific items for good cause.

**IT IS FURTHER ORDERED** that by no later than February 19, 2009, the parties shall report the result of their efforts to the Court in a joint status report that is electronically filed on CM/ECF.

**IT IS FURTHER ORDERED** that any proposed orders resulting from the parties' efforts in this regard shall be submitted to the Court's proposed-text emailbox concurrently with the filing of the joint status report.

**IT IS FURTHER ORDERED** that, in the event the parties are unable to come to an agreement as to a specific category of  information or a particular file or witness, they shall identify such disagreement(s) in their joint status report and may further state the basis for such disagreement in a separate but concurrent filing.

**SO ORDERED** in Albuquerque, New Mexico, this 2nd day of February, 2009.

**M. CHRISTINA ARMIJO**
United States District Judge